UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**        CASE NO. 3:21-CR-00153-02

**VERSUS**        JUDGE TERRY A. DOUGHTY

**CHARLES D GARDNER (02)**        MAG. JUDGE KAYLA D. MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is a Motion for Bail Pending Appeal [Doc. No. 446] filed by Defendant Charles Gardner ("Defendant"). The United States of America (the "Government") filed a Response [Doc. No. 450].

For the reasons stated below, Defendant's Motion is **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY**

A jury, on April 23, 2024, convicted Defendant of one count of conspiracy to commit bank fraud in violation of Title 18 U.S.C. § 1349.[1] The jury hung as to Counts 2 – 5 of the Indictment and this Court declared a mistrial as to those counts.[2] On October 2, 2025, Defendant was sentenced to 48 months imprisonment, to be followed by two (2) years of supervised release, and was given a report date of November 17, 2025 to begin his sentence.[3] On December 20, 2024, Defendant filed a motion for new trial and motion or judgment of acquittal.[4] The Court denied both motions.[5]

---

[1] [Doc. No. 364].
[2] [Doc. No. 358].
[3] [Doc. No. 438].
[4] [Doc. Nos. 399; 400].
[5] [Doc. No. 412].

1

On October 15, 2025, Defendant filed the pending Motion, and one day later, filed a timely notice of appeal.[6]

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW & ANALYSIS

### A. Standard of Review

A defendant has no constitutional right to bail after his conviction and sentencing. *See United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976). The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), establishes a presumption against the grant of such bail. Under § 3143(b)(1), a person who has been sentenced to a term of imprisonment "shall be detained" unless the judicial officer finds that the defendant has shown:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in:
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

The Fifth Circuit has interpreted § 3143(b) to require the defendant to show four factors in order to obtain release on bail pending appeal:

---

[6] [Doc. Nos. 446; 449].

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Valera–Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985) (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)); *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) (quoting same).

Defendant contends that the first, second, and fourth prongs are easily established.[7] Additionally, Defendant asserts that the third prong is satisfied because the issues raised on appeal present a substantial question, rendering it more probable than not that the conviction will be vacated or result in a new trial.[8] The Government asserts that Defendant cannot prove by clear and convincing evidence that the appeal raises a substantial question of law or fact that is likely to result in reversal, an order for new trial, or in a reduced sentence.[9] The Court concurs that Defendant does not present a risk of flight or a danger to the community, and further finds that the appeal has not been filed for the purpose of delay. However, the third and fourth factors are less clear and discussed below.

---

[7] [Doc. No. 446-1].
[8] [Id. at p. 3].
[9] [Doc. No. 450, p. 3].

A question is "substantial" if it raises a "substantial doubt (not merely a fair doubt) as to the outcome of its determination." *Valera–Elizondo*, 761 F.2d at 1024. "[I]t is a 'close' question, or one that very well could be decided the other way." *Id.* (internal quotation marks omitted) (quoting *Giancola*, 754 F.2d at 901). Regarding the fourth factor, the Fifth Circuit interprets § 3143(b)(1)(B) to require the defendant to demonstrate that, if the substantial question is resolved in their favor on appeal, the decision would likely lead to a reversal or an order for a new trial on all counts carrying a sentence of imprisonment. *Id.* at 1025. And "likely" is assigned its ordinary meaning of "more probable than not." *Id.*

Defendant states that the substantial questions are 1) whether the government pursued an improper "salary theory" to obtain the conviction; 2) whether Mr. Gardner's right to present a defense was violated; and 3) whether rulings limiting the scope of Kassidy Broussard's cross-examination based on *Bruton*, and to a lesser extent, hearsay, were erroneous.[10]

While the Court stands by its prior rulings, the Court finds that Defendant is correct regarding the application of the salary theory, and that if the theory is determined to be invalid and the jury relied upon it in reaching their verdict, it is more probable than not that the conviction will be vacated or that a new trial will be ordered. Put differently, if the Fifth Circuit were to conclude that the salary theory was improperly applied—and given that this theory was central, rather than peripheral, to the Government's case, with only minimal remaining evidence

---

[10] [Doc. No. 446-1, p. 3].

supporting Defendant's conviction—it would be more probable than not that the conviction would be vacated or that a new trial would be required. Moreover, the Government mistakenly claims the burden is clear and convincing, but this assertion is incorrect. *Valera–Elizondo*, 761 F.2d at 1025 ("[W]e assign to "likely" its ordinary meaning of "more probable than not.").

Consequently, the Court, finding that the first issue on appeal involves a substantial question with potential benefit to Defendant, declines to adjudicate the second and third issues of this Motion.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion [Doc. No. 446] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant shall remain free on a personal recognizance bond pending the outcome of his appeal to the Fifth Circuit and shall abide by the same conditions previously set by the Court.

MONROE, LOUISIANA, this 29th day of October, 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE